## McMORRIS v. WEBB.

1. In action for dower, the defendant having produced a certificate of renunciation regular in form, the plaintiff may introduce evidence to show that at the time of such renunciation she was under the age of twenty-one years.
2. A renunciation of dower made by an infant wife is no bar to her recovery of such dower when the right matures.
3. The silence of the wife for twenty-eight years after the renunciation, while it was spread upon the records and other parties became pur-

chasers, operated neither as a confirmation nor an estoppel, she being all the while a married woman.

4. The plea of purchaser for valuable consideration without notice is equitable in its character, and has no proper application to a claim purely legal like that of dower.

Before KERSHAW, J., Newberry, November, 1880.

The opinion states the case.

Messrs. *J. Y. Culbreath, G. S. Mower,* for appellant.

Messrs. *Suber & Caldwell,* contra.

October 2, 1882.   The opinion of the Court was delivered by

MR. JUSTICE McGOWAN.—This was an action for *dower* in a lot in the Town of Newberry.   Joseph S. McMorris, the late husband of the plaintiff, being at the time seized and possessed of the lot in question, conveyed the same by deed November 2, 1852, to Edward S. Bailey for the sum of $1800, its true value, and his wife *Angelina* on the same day renounced in due form her right of dower in the said lot, on her husband's deed of conveyance.   Bailey conveyed the land to Segwick, July 2, 1862, for $3500, who conveyed it to William H. Webb, and he conveyed the same to himself as trustee for his wife Cordelia Webb, and his and her children.   These conveyances were all regularly recorded.   McMorris removed from this State prior to 1868, when the present Constitution was adopted, and died out of the State July 5, 1879.

His widow instituted this action for dower in 1880.   The defence was the renunciation made and recorded as long ago as 1852.   That was admitted by the plaintiff, but she insisted that at the time she signed the renunciation *she was an infant under twenty-one years of age,* and not bound by it.

The case was referred to the master, who admitted, contrary to the protest of the defendant, testimony as to the infancy of plaintiff when she signed the renunciation, and reported in favor of the plaintiff's claim of dower.   Upon exceptions the Circuit Judge overruled them, and gave judgment in favor of

the plaintiff for *three hundred dollars* as dower with interest from July 5, 1879, and decreed the judgment to have a specific lien upon the lot.

The defendant appeals to this Court upon the following exceptions:

1. "*Because* his Honor erred in deciding that the renunciation of dower in the lot conveyed to Edward S. Bailey, November 2, 1852, was not a good and valid renunciation.

2. "*Because* his Honor erred in holding that if the plaintiff at the time of her renunciation had attained the age required by the law of the State to enable her to renounce, it was voidable, as she was within the age of twenty-one years; whereas it is submitted that he should have decreed that, as plaintiff had attained the lawful age to contract marriage, her said renunciation at the age of twenty years was as good and valid as if she had been at the time of the full age of twenty-one years!

3. "*Because* if said renunciation was voidable, the long silence of the plaintiff for twenty-eight years is tantamount to its confirmation after she attained the age of majority. And as the defendant is a subsequent purchaser without notice, his defence should be sustained against the claim of plaintiff, who permitted the renunciation, regular in form, to be spread upon the public records for twenty-eight years.

4. "*Because* the master erred in permitting the plaintiff to introduce evidence to prove that plaintiff was an infant under twenty-one years at the time she signed the renunciation of her right of dower."

As to the last exception, we cannot say that the master erred in receiving proof as to the age of the plaintiff at the time she signed the renunciation. It is true that the certificate being in regular form and before the proper officer, it is presumed that all things were regular in reference to its execution, but we do not see that such presumption necessarily excluded proof *dehors* the record, such as imposition, fraud, incompetency or infancy. As the certificate of the officer made no reference to the age of the wife, there was probably a presumption that she was "of lawful age," as required by the statute, but that presumption could be overcome by evidence.

*Battin* v. *Bigelow, Peters C. C.* 452 ; 2 *Scrib. Dower*, 284 and note.

Dower is a common law right, and as such favored. It is true that it.springs out of the relation of marriage, and at first view it would seem reasonable that the age which authorizes legal marriage should be sufficient also to enable the woman married to dispose of all property and exercise all rights acquired by the marriage. But it must be remembered that by the act of marriage itself, without reference to the age of the parties, the wife falls, or at least before 1868 fell, under disabilities which prevented her from exercising any right as to her property, except the power to do so was expressly given to her. The power to renounce the right of dower acquired by the marriage was no exception to the general rule. It was and is. entirely a creature of statute, and therefore the first question is whether the renunciation of the right of dower by Mrs. McMorris, a married woman under the age of twenty-one years, was authorized by the law in force at the time it was executed.

We are not aware that this question was ever before made in this State. The court has not been referred to any decided case upon the subject. In some of the States, notably Alabama, Indiana and Maine, express provision has been made to the effect " that all married women, whether under or over the age of twenty-one years, are permitted to release their dower." See 2 *Scrib. Dower*, 284 and authorities. But no such provision has been made in this State. Our statute upon the subject is as follows : " The wife of any grantor conveying real estate by deed of release, *may, if she be of lawful age*, release, renounce and bar herself of her dower in all the premises so conveyed," etc.

It is not denied that Mrs. McMorris signed a renunciation in due form, but it is insisted that it does not bar her for the reason that at the time she signed it *she was under twenty-one years of age.* The act permitted her to renounce only on condition that she was " of lawful age." Did these words of the statute mean " of lawful age " to marry, or to convey rights in land or make any other civil contract ? In the absence of any

36

authority to the contrary, we feel constrained to hold that the words in this statute were used in their ordinary sense, that is to say, as meaning the age at which parties generally are allowed by the law to contract, and that the renunciation of Mrs. McMorris, made by her when under twenty-one years of age, was not a compliance with the law, or in itself a bar to her recovery.

The rule, as we understand, is the same as to other acts of the infant wife, even where there is no express requirement that she should be " of lawful age." It was long a doubtful question in the English courts whether an infant female was bound by a marriage settlement which disposed of her real estate. It was insisted that as a female infant could marry, and into the consideration of marriage her real estate largely entered, the settlement of it, like the marriage, should be binding and indissoluble : but it has been finally held there that such settlement constitutes no exception to the policy of the common law, which, as a rule, avoids the contracts of infants. See *Milner* v. *Lord Harewood*, 18 *Ves.* 259; *Riley's Ch.* 84; 2 *Kent Com.* 244.

But it is urged that an infant upon attaining majority may confirm any act done during infancy—that one of the forms of confirmation is " acquiescence from which assent may be fairly inferred;" that the plaintiff acquiesced in her renunciation for twenty-eight years from its date, and from this we may fairly infer her assent. This view would be very strong if the plaintiff during all that time had been *sui juris* and entitled to recover her dower, but she was a married woman and had no right to disaffirm the renunciation by claiming dower until 1880, when her husband died. While her husband lived her right had not matured. We cannot say that her silence during his life was voluntary. So long as she was unable to assert her right, no force should be attached to her seeming acquiescence.

It is further said that the plaintiff by her conduct should 'be estopped from now claiming her dower in this lot ; that she placed upon the record the said renunciation in due form without stating her age, which she was required to do, not only by the terms of the statute, but by every consideration of good faith

and honesty, and that this conduct had an effect in. inducing the defendant to purchase the lot. "Parties under disability as infants and married women certainly are not estopped unless their conduct has been intentional and fraudulent." *Big. Est.* 442.

Mrs. McMorris signed the renunciation of dower on the deed of her husband, but it does not appear that she made any misrepresentations as to her age or in any way procured the sale to Bailey; she was simply silent. Nor does it appear that she had it recorded, which was probably done by the alienee. She was not-only an infant at the time it was signed, but under the disabilities of coverture down to 1879. The mere silence of a married woman who knows that the husband is selling her land will not estop her from claiming the land after his death. *Herm. Est.* 380 and authorities. Where the husband made deed, with warranty of wife's interest therein, and she joined by clause relinquishing right of dower but not by words of grant, *held* that neither she nor her heirs were estopped from claiming the land even after the lapse of twenty-nine years. *Ibid.* 238, citing 2 *Cush.* 234.

This is certainly a hard case upon the purchaser, who relying upon the renunciation, perfect in form as it appeared spread upon the records, had no notice of the latent fact that Mrs. McMorris was an infant when she signed it, but we see no good defence against the claim. The plea of purchaser for valuable consideration without notice is equitable in its character, and has no proper application to a claim purely legal like that for dower. *Story Eq.* § 630.

The judgment of this court is that the judgment of the Circuit Court be affirmed.